# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3083

_____

Moin Khan,                              *
                                        *
                Petitioner,             *
                                        *  Petition for Review of
        v.                              *  an Order of the Board
                                        *  of Immigration Appeals.
Eric H. Holder, Jr.,[1] Attorney General  *
of the United States,                   *  [UNPUBLISHED]
                                        *
                Respondent.             *

_____

Submitted:  January 15, 2010
    Filed:  January 25, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Pakistani citizen Moin Khan petitions for review of an order of the Board of
Immigration Appeals (BIA) denying his December 2007 motion to reopen.[2]  After

---

[1]Eric H. Holder, Jr., has been appointed to serve as Attorney General of the
United States, and is substituted as respondent pursuant to Federal Rule of Appellate
Procedure 43(c).

[2]We lack jurisdiction to review the merits of the underlying removal order,
including Khan's challenge to the immigration judge's findings regarding the
timeliness of his asylum application.  See Raffington v. INS, 340 F.3d 720, 721, 724

careful review, we conclude the BIA did not abuse its discretion in denying the motion based on Khan's failure to establish--in the context of the alleged changed circumstances--prima facie eligibility for asylum, withholding of removal, and relief under the Convention Against Torture.  See Habchy v. Filip, 552 F.3d 911, 912 (8th Cir. 2009) (standard of review); Minwalla v. INS, 706 F.2d 831, 834-35 (8th Cir. 1983) (no abuse of discretion in denying motion to reopen where alien's allegations did not establish prima facie case for substantive relief sought).

      Accordingly, we deny the petition.

_____

_____

(8th Cir. 2003) (court reviewing denial of motion to reopen does not have jurisdiction to review underlying order); see also 8 U.S.C. § 1158(a)(3) (courts do not have jurisdiction to review any determination with respect to timeliness of asylum application).